IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Williams,                          :

             Plaintiff          :          Civil Action 2:11-cv-1140

    v.                                  :          Judge Frost

THK Manufacturing of America, Inc.,     :          Magistrate Judge Abel
*et al.*,
                           :

             Defendant          :

                           :

**ORDER**

On July 25, 2012, Defendant MedSolutions, Inc. filed a notice that it had filed certain portions of the administrative record in this case under seal.  (Doc. 38.)

Pursuant to §2 of the Protective Order in this case (Doc. 35) and S.D. Ohio Civ. R. 79.3, any party wishing to file a document under seal must first move for leave to file such material under seal.  It is not my practice and not the intent of the Local Rule to issue blanket sealing orders permitting the parties to det what documents are filed under seal.

Fed. R. Civ. Pro. 26(c)(1)(G) permits a court to issue orders "requiring that a trade secret or other confidential [...] commercial information not be revealed or be revealed only in a specified way."  However, this must be done "for good cause".  Fed. R. Civ. Pro. 26(c)(1).  It is mandatory for a judge to make such determination before ordering, or permitting, part of a record of a case to be sealed.  *Seattle Times*

*Co. v. Rhinehart*, 467 U.S. 20, 37;  *Jepson, Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).  Moreover, it is improper for the Court to delegate the power to determine what should be sealed to the litigants; "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a court proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).  The Court thus cannot grant Plaintiffs *carte blanche* authority to file "any subsequently filed documents" under seal.

Where commercial information may be subject to protection under Fed. R. Civ. Pro. 26(c), a court will look to determine if its disclosure will work "a clearly defined and very serious injury".  *United States v. Int'l Business Machines Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975).  Some factors of secrecy to be considered when determining if given information ought to be treated as confidential are:

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Id.* at 47.

Here, the movant has not identified what information in the Verified Complaint in the proposed first amended verified complaint is confidential, beyond a bald recitation of "references to certain provisions of an Agreement".

Defendant shall have until **Monday, July 30, 2012** to file a motion for leave to

2

file this material under seal, explaining why the Court should not order this

document unsealed.

s/Mark R. Abel_____
United States Magistrate Judge